**WILDE & ASSOCIATES**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Wells Fargo Bank, N.A.
10-72905

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | BK Case No.: 10-52719-gwz |
| --- | --- |
| Mel Phenicie | Chapter 7 |
| | Date of Hearing: October 6, 2010 |
| | Time of Hearing: 10:00 a.m. |
| Debtor. | |

## LIMITED RESPONSE TO DEBTOR'S "ORIGINAL PETITION"

COMES NOW, WELLS FARGO BANK, N.A., (hereinafter "Secured Creditor"), and NATIONAL DEFAULT SERVICING CORPORATION, (hereinafter "NDSC"), by and through their attorney of record, and files this LIMITED RESPONSE TO DEBTOR'S "ORIGINAL PETITION", filed by Debtor on August 18, 2010, stating as follows:

Secured Creditor holds a security interest in the property which is the subject of this controversy before the Court located at 4955 Quince Avenue, Silver Springs, Nevada 89429. (Hereinafter "Subject Property").

This is the Debtor's second chapter 7 bankruptcy filing this year. The first case number was 10-51862 –GWZ which was dismissed by stipulation with the United States Trustee's Office on or about July 9, 2010, with the Debtor filing this case some three (3) days later.

Thereafter, Secured Creditor filed an ex-parte request in this instant bankruptcy proceeding seeking an order detailing that there did not exist an automatic stay because the Debtor had not filed a request to continue the automatic stay within thirty (30) days of this filing. The Court granted Secured Creditor's request.

The Debtor thereafter filed an "Original Petition" seeking a restraining order, preliminary injunction, and a myriad of damages *solely* against NDSC. NDSC is conducting a foreclosure sale of the Subject Property as the "trustee" agent for Secured Creditor.

Secured Creditor, nor undersigned counsel, have been served with any pleadings regarding this controversy. Undersigned counsel heard of this matter for the first time on the afternoon of October 5, 2010, when he was contacted by the Court Clerk inquiring as to whether or not Secured Creditor was making an appearance or taking a position regarding the Debtor's request.

Undersigned counsel has since learned that the only Affidavit of Service of the "Original Petition" was on September 3, 2010, by a process server that purportedly left a copy of the Notice of Hearing and Original Petition with the Receptionist at the offices of NDSC located at 7720 North 16th Street, #300, Phoenix, Arizona 85020. (See exhibit "A").

Undersigned counsel obtained a "screen print" from the NDSC system showing that Secured Creditor has a foreclosure sale set for **October 22, 2010.** (See exhibit "B"). NDSC did receive the "Original Petition" on September 3, 2010, and forwarded it to their internal litigation department. The contact from this department could not be reached.

Since the "Affidavit of Service" referred to Michael Bosco, Esq., and since the law firm of Tiffany & Bosco was listed as co-counsel for Secured Creditor on the ex-parte application mentioned earlier, undersigned counsel checked with multiple parties at the law firm of Tiffany & Bosco and they do not show any record of the "Original Petition" or Debtor's claim for damages.

Undersigned counsel has also reviewed the "Original Petition" and asserts that;

-It is filled with general allegations commonly found in pleadings purchased off the internet or from groups that encourage litigation over nonsensical issues. The petition does not contain any specific allegations concerning this particular loan and names only one party yet refers to conspiracy theories and multiple parties allegedly causing harm to this Debtor. The law is clear that allegations of this nature must be plead with particularity.

- The petition is not procedurally correct in that it was not filed as an adversary proceeding pursuant to Bankruptcy Rule 7003 and cannot be deemed a "contested matter" pursuant to Bankruptcy Rule 9014 because NDSC is the only party listed and it has not exerted itself as a party in these proceedings or the prior bankruptcy.

- Even if this Court were to treat the petition as an adversary complaint, it fails to name indispensible parties pursuant to Federal Rules of Civil Procedure Rule 19.

-Service of the "Original Petition" was not proper in that it was served upon a receptionist and not NDSC's registered agent. NDSC is an Arizona Corporation. Had the petition been served upon undersigned counsel, as the attorney of record for Secured Creditor, service might have been proper for the Court to deem this a "contested matter".

-Finally, Rule 65 of the Federal Rules of Civil Procedure requires that a person seeking a temporary restraining order must do so by a "verified complaint" or "affidavit". The rule further requires that a prior to granting an injunction, a court must determine that the requesting party has a reasonable likelihood of success on the merits. The Debtor has not filed a "verified" pleading and has not provided any admissible evidence to this Court.

WHEREFORE, Secured Creditor and NDSC ask that this Court deny the Debtor's requests. In the event the Court may allow the Debtor additional time to correct his pleadings, or time to respond to

1  this limited reply, undersigned counsel asks that this Court continue this hearing and allow the parties to
2  more fully brief the issues before it.
3      Dated this 5th day of October, 2010.

                  WILDE & ASSOCIATES

                  **/S/GREGORY L. WILDE**
                  GREGORY L. WILDE, ESQ.
                  Nevada Bar No. 4417
                  212 South Jones Blvd.
                  Las Vegas, NV 89107

#22
10-6-10

MEL PHENICIE
4955 QUINCE AVENUE
SILVER SPRINGS NV 89429
(775) 247-3776
Bar#

RECEIVED AND FILED
2010 OCT -5 PM 1:27
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

IN THE UNITED STATES BANKRUPTCY OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF BILLINGS

| MEL PHENICIE | Plaintiff | NO. BK-10-52719-GWZ |
| vs. | | AFFIDAVIT OF SERVICE |
| NATIONAL DEFAULT SERVICING CORP. | Defendant | 10-6-10 10 a.m. |

RICHARD F. ACREE, A.C.P.S., being duly sworn, states: that he/she is duly qualified to serve process in this cause, having been so appointed by the court, that he/she received the following document(s) in this action:

NOTICE OF HEARING, ORIGINAL PETITION

from MEL PHENICIE on 09/02/10, attorney(s) for the PLAINTIFF;
that he/she personally served the same upon the party/parties in the manner named below:

NAME: NATIONAL DEFAULT SERVICING CORP.
    THRU THEIR STATUTORY AGENT MICAHEL BOSCO

DATE & TIME: 09/03/10 12:10 PM
PLACE: 7720 NORTH 16TH STREET #300 PHOENIX, AZ 85020
MANNER: By leaving ONE true copy(ies) of the above documents with PAM CARDY, RECEPTIONIST, AUTHORIZED.

Statement of Costs
| Service | $ 16.00 |
| Mileage | $ 26.40 |
| Document Prep | $ 11.00 |
| | $ .00 |
| | $ .00 |
| | $ .00 |
| | $ .00 |
| | $ .00 |
| Total | $ 53.40 |

RICHARD F. ACREE, A.C.P.S.

Subscribed and sworn to before me

OFFICIAL SEAL
PATRICIA CHLEBANOWSKI
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires June 14, 2013

Patricia Chlebanowski
Notary Public

Frontier Private Process Service 1145 West McDowell Road Phoenix, AZ 85007 (602) 258-0022
11015264-02  5716

Exhibit "A"

| NDSC Tracking (v 3.71.10.539) User: Igs. | | | | |
|---|---|---|---|---|
| File Edit Search Docs QDocs LookUp Tables Utilities Options Help | | | | |

| *NDSC File# 09-47656-WF-NV | PHENICIE, MEL | *Received 12/08/09 | *Processor CService | Cust Svc Ltartaro | *Svc Ven |
|---|---|---|---|---|---|
| *Lawfirm NDSC - NV | Lawfirm File# Pre-Setup Sent | *Loan Type FHA | | FHA/VA # 332-1243183 | |
| *Mortgage Co WF 708 | *Mtg Co # 0201676152 | Current Beneficiary Wells Fargo Bank NA merge WF Home Mort | | | Occu |
| *Prin Bal Due $176,661.81 | *Delq Date 07/01/09 | Sale Date 10/22/2010 | Redem Date  Bid Amt | Last Bid Amt | Modified By Ltartaro | Date 8/25/2010 12:09:31 PM |

Borr | 2 FC | 3 BK | 4 REO | 5 DoT | 6 Svc | Loan | Insp. | Notes | CsSvc | Acct | Inv | Title | Pub | Mail | Misc | Mec

=====NV BK Closed w/
Entered by Brusinko



Exhibit "B"

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787

Wells Fargo Bank, N.A.
10-72905

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In Re: | Bk Case No.: 10-52719-gwz |
|---|---|
| Mel Phenicie | Chapter 7 |
| | Date of Hearing: October 6, 2010<br>Time of Hearing: 10:00 a.m. |
| Debtor. | |

## CERTIFICATE OF SERVICE OF LIMITED RESPONSE TO DEBTOR'S "ORIGINAL PETITIONS

1. On  Oct. 5, 2010  I served the following documents(s):

   LIMITED RESPONSE TO DEBTOR'S "ORIGINAL PETITION"

2. I served the above-named document(s) by the following means to the persons as listed below:

   X  **a. ECF System**

   C. Geoffrey Wilson
   trusteegeoffrey@yahoo.com
   Trustee

   X  **b. United States mail, postage fully prepaid:**
   Mel Phenicie
   4955 Quince avenue
   Silver Springs, NV  89429
   Debtor

   ☐  **c. Personal Service** (List persons and addresses. Attach additional paper if necessary)

   I personally delivered the document(s) to the persons at these addresses:

☐   1.   For a party represented by an attorney, delivery was made by handing the document(s) to the attorney's office with a clerk or other person in charge, or if no one is charge by leaving the document(s) in a conspicuous place in the office.

N/A

☐   2.   For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there. N/A

☐ **d. By direct mail**

Based upon the written assignment of the parties to accept service by email or a court order. I caused the document(s) to be sent to the persons at the mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. By fax transmission**

Based upon the written assignment of the parties to accept service by fax transmission or a court order. I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 5th day of October 2010.

By: _____